THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CHRISTINE LOUISE LIBERTY,**      \*
**JAMES ERIC FEIMSTER**      \*
**15249 Brazil Circle**      \*
**Woodbridge, VA 22193**      \*
     \*
           **Plaintiffs,**      \*
     \*    **CIVIL ACTION** _____
     \*
       **vs.**      \*
     \*
**ELI LILLY AND COMPANY,**      \*
**Lilly Corporate Center**      \*
**Indianapolis, IN 46285**      \*
     \*
           **Defendant.**      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT ELI LILLY AND COMPANY'S
## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

       Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action from the Superior Court for the District of Columbia, Civil Division, to this Court. The grounds for removal are as follows:

### <u>INTRODUCTION</u>

       1.      On July 11, 2008, Plaintiff filed this case against Lilly. The action is styled as *Christine Louise Liberty, et al. v. Eli Lilly and Company,* Civil Action No. 0004979-08, in the Superior Court for the District of Columbia, Civil Division. In her Complaint, Plaintiff alleges that her *in utero* exposure to diethylstilbestrol ("DES") caused uterine and cervical malformations and miscarriages. *See* Complaint at ¶ 7.

       2.      Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A**.

## NOTICE OF REMOVAL IS TIMELY

3.      Plaintiffs served their Complaint in this action on Lilly on July 16, 2008. The Complaint was the first pleading received by Lilly setting forth the claims for relief on which this action is based.   Thus, the filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction. Therefore, this Notice of Removal is timely.

## DIVERSITY JURISDICTION EXISTS

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this case may be removed pursuant to 28 U.S.C. § 1441 because, as explained more fully below, it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and involves a controversy between citizens of different states.  This action is being removed to the District Court for the district where the action is pending.

5.      Title 28, U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as Defendants is a citizen of the State in which such action is brought." Plaintiffs filed this action in the Superior Court for the District of Columbia.  No defendant in this action is a citizen of the District of Columbia.

6.      Upon information and belief, Plaintiffs are citizens of Virginia.  *See* caption of Plaintiffs' Complaint, listing Plaintiffs' residence in Woodbridge, Virginia.

7.      Lilly is a corporation organized under the laws of the State of Indiana with its principal place of business located in Indiana.  Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

8.      Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

149953v1

## AMOUNT IN CONTROVERSY

9.      In their Complaint, Plaintiffs seeks $3,000,000 in compensatory damages from Lilly.  *See* Complaint at pp. 6-7.  Based on Plaintiffs' damages sought, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL TO THIS DISTRICT

10.      Removal venue exists in the United States District Court for the District of Columbia, because the Superior Court for the District of Columbia, Civil Division, is within the District of the District of Columbia.

11.      Written notice of the filing of the Notice of Removal will be promptly served on the attorney for Plaintiffs, and a copy will be promptly filed with the Clerk of the Superior Court for the District of Columbia, Civil Division, pursuant to 28 U.S.C. § 1446(d).  A Copy of the Notice of Filing of Notice of Removal to Federal Court is attached hereto as **Exhibit B**.

12.      As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

13.      Lilly reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

14.      Lilly reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Lilly gives notice that the matter styled as *Christine Louise Liberty, et al.  v. Eli Lilly and Company,* Civil Action No. 0004979-08, in the Superior Court for the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and requests that this Court retain jurisdiction for all further proceedings.

149953v1

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Ericka L. Kleiman, D.C. Bar No. 979666
SHOOK, HARDY & BACON, L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

- 4 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___25th___ day of July, 2008, a true and accurate copy of the foregoing has been furnished by U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, DC 20036

**Attorney for Plaintiff**

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

- 5 -

149953v1

**EXHIBIT A**

149953v1



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

CHRISTINE LOUISE LIBERTY
   Vs.                                       C.A. No.        2008 CA 004979 B
ELI LILLY AND COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge RONNA L BECK
Date:  July 11, 2008
Initial Conference: 9:30 am, Friday, October 17, 2008
Location:  Courtroom 518
        500 Indiana Avenue N.W.
        WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

( (

## CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| CHRISTINE LOUISE LIBERTY, et al. |
| --- |

*Plaintiff*

**VS.**

| ELI LILLY AND COMPANY |
| --- |

*Defendant*

Civil Action No. | |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| AARON M. LEVINE |
| --- |
Name of Plaintiff's Attorney

| 1320 Nineteenth St., N.W., 5th Floor |
| --- |
Address

| Washington, DC 20036 |
| --- |

| (202) 833-8040 |
| --- |
Telephone

By _____
Deputy Clerk

Date | JUL 11 ___ |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

CHRISTINE LOUISE LIBERTY and }
KEVIN SCOTT LIBERTY, }
   15249 Brazil Circle }
   Woodbridge, VA 22193 }
}
           Plaintiffs, }
}
      v. }
}
ELI LILLY AND COMPANY, }
   Lilly Corporate Center }
   Indianapolis, IN 46285 }
   w/s/o }
      NATIONAL REGISTERED AGENTS, INC. }
      1090 Vermont Avenue, NW, #910 }
      Washington, DC 20005 }
}
           Defendant. }

Civil Action No.



RECEIVED
Civil Clerk's Office
JUL 1 1 2008
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT
### (DES Litigation – Products Liability, Punitive Damages)

1.    Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.    Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia. Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia prior to obtaining governmental approval for diethylstilbestrol ("DES"). Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety.

1

## COUNT I
### (Negligent Failure to Warn- Christine Liberty)

4.      On or about 1968 and 1969, during her pregnancy with Plaintiff Christine Liberty, the mother of the Plaintiff Christine Liberty bought and ingested DES in Virginia. Her physician prescribed said drug during the pregnancy. Said drug was manufactured and sold by Defendant Eli Lilly and Company.

5.      It was the duty of the Defendant to adequately warn Plaintiff's mother and her physician as to the risks of DES on to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

6.      Defendant negligently failed to adequately warn Plaintiff's mother and her physician of DES risks as to safety and efficacy of DES.

7.      As a result of said negligence, Plaintiff was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resultant miscarriages, infertility, inability to carry a child to term, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

## COUNT II
### (Negligent Failure to Test- Christine Liberty)

8.      All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

9.      Defendant had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

10.     Defendant negligently failed to test DES in any regard as to its safety and efficacy.

2

11.    As a result of Defendant's said negligence, Plaintiff was injured as aforesaid.

## COUNT III
### (Strict Liability- Christine Liberty)

12.    All of the allegations contained in Counts I and II are re-alleged and incorporated herein by reference.

13.    DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

14.    Defendant is engaged, or have been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

15.    Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

16.    Said product was defective when placed on the market by Defendant.  DES was sold by the Defendant without sufficient warning or instructions.  A reasonable seller would not have sold the product had he/she known of the risks involved.  The risks were greater than a reasonable buyer would expect.

17.    Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

3

18.    As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

19.    By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT IV
### (Breach of Warranty- Christine Liberty)

20.    All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

21.    At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

22.    Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

23.    At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

24.    As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

4

## COUNT V
### (Misrepresentation- Christine Liberty)

25.    All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

26.    Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

27.    The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

28.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

29.    As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

## COUNT VI
### (Punitive Damages- Christine Liberty)

92.    All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

93.    The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff Christine Liberty's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, Defendant knew or should have known

5

that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy.   Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactically even where no symptoms or signs of a threatened miscarriage appeared.  Additionally, Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession and Plaintiff Christine Liberty's mother by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

### COUNT VII
**(Loss of Consortium – Kevin Liberty)**

32.    All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

33.    Plaintiff Kevin Liberty is the husband of Christine Liberty.  As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendant as aforesaid, Plaintiff Kevin Liberty has been deprived of the love, services and affection of his wife, Christine Liberty.

**WHEREFORE**, Plaintiff Christine Liberty demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00) as compensatory damages, and Two Million Dollars ($2,000,000) as punitive damages, plus costs.

**WHEREFORE,** Plaintiff Kevin Liberty, individually, demands judgment against Defendant Eli Lilly and Company, in the sum of One Million Dollars ($1,000,000.00) as compensatory damages, and One Million Dollars ($1,000,000) as punitive damages, plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Cooper #502149

1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
aaronlevinelaw@aol.com

Counsel for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

7

**EXHIBIT B**

149953v1

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| **CHRISTINE LOUISE LIBERTY,** | \* |
| **JAMES ERIC FEIMSTER** | \* |
| 15249 Brazil Circle | \* |
| Woodbridge, VA 22193 | \* |
| | \* |
| | \* |
| **Plaintiffs,** | \* |
| | \* |
| **vs.** | \* |
| | \* |
| **ELI LILLY AND COMPANY,** | \* |
| **Lilly Corporate Center** | \* |
| **Indianapolis, IN 46285** | \* |
| | \* |
| | \* |
| **Defendant.** | \* |

**CIVIL ACTION NO. 2008 CA 004979 B**

**Judge Ronna L. Beck**

**Next Scheduled Event: Initial Scheduling Conference on October 17, 2008**

\* \* \* \* \* \* \* \* \* \* \* \* \*\* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:   THE CLERK OF THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA, CIVIL DIVISION.

PLEASE TAKE NOTICE that on the \_\_\_\_ day of July, 2008, defendant Eli Lilly and Company filed in the United States District Court for the District of Columbia a Notice of Removal of the above styled action. A true copy of such Notice of Removal is attached hereto as Exhibit "1" and is incorporated herein by reference.

Pursuant to 28 U.S.C. Section 1446(d), the filing of the attached Notice of Removal has effected the removal of the above styled action, and the Superior Court for the District of Columbia, Civil Division, should proceed no further unless and until this case is remanded.

149952v1

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

/s/ Ericka L. Kleiman
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Ericka L. Kleiman, D.C. Bar No. 979666
SHOOK, HARDY & BACON, L.L.P.
600 14th Street, NW, Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

149952v1

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

CHRISTINE LOUISE LIBERTY and KEVIN SCOTT LIBERTY
15249 Brazil Circle
Woodbridge, Virginia 22193                    88888

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF          Prince William
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, DC 20036

## DEFENDANTS

ELI LILLY AND COMPANY
Lilly Corporate Center, Indianapolis, IN  46285          88888

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT          Marion County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

Case: 1:08-cv-01281
Assigned To : Robertson, James
Assign. Date : 7/25/2008
Description: PI/Malpractice

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE␣AN␣x␣IN␣ONE␣BOX␣ONLY)

○ 1 U.S. Government
Plaintiff

○ 2 U.S. Government
Defendant

○ 3 Federal Question
(U.S. Government Not a Party)

◉ 4 Diversity
(Indicate Citizenship of
Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ◉ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

◉ **B.** *Personal Injury/
Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☒ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency
Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

○ **D.** *Temporary Restraining
Order/Preliminary
Injunction*

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

## ○ E. *General Civil (Other)*          OR          ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC  7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| O  G. *Habeas Corpus/ 2255* | O  H. *Employment Discrimination* | O  I. *FOIA/PRIVACY ACT* | O  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O  K. *Labor/ERISA (non-employment)* | O  L. *Other Civil Rights (non-employment)* | O  M. *Contract* | O  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
O 1 Original Proceeding  Ⓧ 2 Removed from State Court  O 3 Remanded from Appellate Court  O 4 Reinstated or Reopened  O 5 Transferred from another district (specify)  O 6 Multi district Litigation  O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1332; 28 U.S.C. 1441; 28 U.S.C. 1446. Plaintiffs allege personal injury due to exposure to pharmaceutical product.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ $3,000,000   Check YES only if demanded in complaint   JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 7/23/08   SIGNATURE OF ATTORNEY OF RECORD _____

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_CHRISTINE L. LIBERTY, ET AL_
Plaintiff

v.

Civil Action No.

**08 1281**

**JUL 2 5 2008**

_ELI LILLY AND COMPANY_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge **ROBERTSON, J. JR**_____. All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_____
Deputy Clerk

cc: _AARON M. LEVINE_

929A
Rev. 7/02